UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GABRIEL MCKENSEY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 1:10-cv-271 |
| v. | ) |
| | ) Judge Mattice |
| ROBINSON MANUFACTURING COMPANY, | ) |
| | ) |
| *Defendant.* | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Robinson Manufacturing Company's Motion for Summary Judgment. (Doc. 18). Defendant contends that it is entitled to judgment as to Plaintiff Gabriel McKensey's Complaint, which asserted a claim under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*, and discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff has not responded or otherwise indicated any opposition to Defendant's Motion. For the reasons set forth below, Defendant's Motion shall be **GRANTED**.

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment – and the Court to grant summary judgment – "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence

of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain

and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)). *See also*, *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, the Court must, on a motion for summary judgment, determine whether a jury could reasonably find by a preponderance of the evidence that the plaintiff's factual contentions are true. *See id.* at 252-53. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a "fair-minded jury could [not] return a verdict for the [nonmoving party] on the evidence presented," it may enter a summary judgment. *Anderson*, 477 U.S. at 252; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The Court notes at the outset that Plaintiff declined to respond to Defendant's

Motion for Summary Judgment.[1] A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to "particular parts" of the record or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded; at a minimum, the court is required to examine the motion to ensure that the movant has met his initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). However, in the absence of a response, the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). "Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id.* If such evidence supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id.* (alteration omitted).

The Court has carefully reviewed the entire record, including those "particular parts of materials in the record" to which Defendant cites in its Motion and accompanying brief. *See* Fed. R. Civ. P. 56(c)(1)(A). The record supports Defendant's recitation of the material facts, and the Court will therefore rely on them as uncontroverted. *Guarino*, 980 F.2d at

---

[1] Defendant's Motion was filed on September 22, 2011. (Doc. 18). Local Rule 7.1 provides 21 days in which to respond to a motion for summary judgment, and Fed. R. Civ. P. 6(d) provides an additional 3 days in which to effect service. Plaintiff therefore had until October 16, 2011 to respond, but because that date fell on a Sunday, Plaintiff could have responded as late as October 17. Fed. R. Civ. P. 6(a)(1)(c). He did not.

407.

Plaintiff, an African-American male, was employed by Defendant as a "scanner" whose primary responsibilities involved stocking and packing garments to fulfill customer orders. (Doc. 18-1 at 3-4).[2] Plaintiff received five separate "necessary improvement notices," identifying five discrete instances of unsatisfactory job performance. (*Id.* at 6-17, 45-49). The notices were issued on September 26, 2008; October 27, 2008; November 14, 2008; November 22, 2008; and January 19, 2009. (*Id.*). The final notice stated that it was the "final warning and . . . could still result in termination." (*Id.* at 49). On February 24, 2009, Plaintiff committed four separate errors in fulfilling customer orders, and as a result, he was terminated. (Doc. 18-2 at 1). Plaintiff filed the instant Complaint September 21, 2010. (Doc. 1-1).

Plaintiff's Tennessee Human Rights Acts claims are time-barred. The THRA has a one-year statute of limitations. *See Weber v. Moses*, 938 S.W.2d 387, 389-90 (Tenn.1996). A claimant must file suit no later than one year "after the alleged discriminatory practice ceases...." Tenn.Code. Ann. § 4–21–311(d) (2005); *Weber*, 938 S.W.2d at 389. An employment discrimination cause of action accrues under the THRA "and the statute of limitations begins to run when the employee is given unequivocal notice of the employer's termination decision." *Fahrner v. SW Mfg.*, Inc., 48 S.W.3d 141, 144 (Tenn.2001).

At the latest, Plaintiff received unequivocal notice of his termination the date he was,

---

[2] For the sake of clarity and consistency, the pages cited herein refer to the numbers assigned by the Court's electronic case filing system rather than any other pagination.

in fact, terminated: February 24, 2009.³ (Doc. 18-2 at 1). Plaintiff filed his complaint on September 21, 2010. (Doc. 1-1). His claim is therefore time-barred. *See Easter v. Martin Marietta Energy Sys.*, 823 F.Supp. 489, 496 (E.D.Tenn.1991). Consequently, the Court will **GRANT** Defendant's Motion for Summary Judgment as to Plaintiff's THRA claim.

With respect to Plaintiff's Title VII discrimination claims, there is no direct evidence of discriminatory intent, so Plaintiff's claims must be analyzed under the familiar *McDonnell Douglas / Burdine* burden-shifting analysis. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1972). Under this analytical scheme, the burden first falls to the plaintiff to establish a *prima facie* case of discrimination. *Burdine*, 450 U.S. at 252-53; *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). If the plaintiff is able to meet his burden of showing a *prima facie* case of discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's termination. *Burdine*, 450 U.S. at 253; *DiCarlo*, 358 F.3d at 414. If the defendant is able to articulate a legitimate, nondiscriminatory reason for the plaintiff's termination, the burden then shifts back to the plaintiff to produce evidence from which a jury could find that the defendant's stated reason is actually a pretext for discrimination. *Burdine*, 450 U.S. at 253; *DiCarlo*, 358 F.3d at 414-15.

---

³ The Court is aware that, in his Complaint, Plaintiff identifies a termination dare of February 18, 2009. (Doc. 1-1 at 3). Plaintiff's Complaint was not verified, however, so it is not a sufficient basis from which to discern material facts in this matter. *See* Fed. R. Civ. P. 56(c), (e); *Zainalian v. Mephmis Bd. of Educ.*, 3 F. App'x 429, 431-32 (6th Cir. 2001) (affirming district court's decision to disregard an unsworn affidavit in its summary judgment analysis and stating: "As [the plaintiff] neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury ..., the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment"). In any event, the distinction is immaterial here, as Plaintiff waited more than one year from either date before filing suit.

Plaintiff has failed to submit evidence from which a reasonable jury could conclude that he established a *prima facie* case of discrimination based on disparate treatment. To demonstrate a prima facie case in this regard, a plaintiff must show: "that (1) he was a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a person outside the protected class was treated more favorably than him." *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 703 (6th Cir.2007); *see Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). In order to raise a genuine issue of material fact that he was "qualified" for purposes of the Title VII analysis, a plaintiff must "demonstrate that []he was meeting [his] employer's legitimate expectations and was performing to [his] employer's satisfaction." *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 729 (6th Cir. 1999).

There is no dispute that Plaintiff meets the first two elements of a *prima facie* case: he is African-American, and he was terminated. However, Plaintiff has not presented evidence sufficient for a reasonable jury to find that he was qualified for his job or that he was treated differently than similarly situated non-protected employees. The unrefuted evidence proffered by Defendant establishes that Plaintiff repeatedly failed to perform the jobs assigned to him, resulting in more than five reprimands in a six-month period. *See id.* In other words, Plaintiff was not qualified for the scanner position, in that he was not meeting his employer's legitimate expectations or performing to his employer's satisfaction. *See id.* Additionally, Plaintiff has identified no evidence on which to conclude that he was treated less favorably than similarly situated white employees. The two employees with whom he compares himself in his deposition received a combined total of two warnings

-7-

Case 1:10-cv-00271-HSM-WBC   Document 22   Filed 12/21/11   Page 7 of 10   PageID #: 136

(compared to the five received by Plaintiff), one resigned voluntarily, and one remains employed by Defendant and has been subject to no further disciplinary action. (*See* Doc. 18-2 at 1-2). No evidence suggests they were treated more favorably than Plaintiff – indeed, it appears that Plaintiff received more leniency than his comparators. Based on the undisputed facts of record, Plaintiff is unable to raise a genuine *prima facie* claim of discrimination, and Defendant is therefore entitled to summary judgment with respect to this element of his claim.[4]

Likewise, to the extent that Plaintiff's Complaint raises a claim of racial discrimination based on a hostile work environment, it cannot survive Defendant's Motion. A plaintiff establishes a *prima facie* case of racial discrimination based upon a hostile work environment by showing that (1) the plaintiff was a member of a protected class; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was race-based; (4) the harassment unreasonably interfered with the plaintiff's work performance by creating an environment that was intimidating, hostile, or offensive; and (5) the employer was liable for the harassing conduct. *Scott v. G & J Pepsi–Cola Bottlers, Inc.*, 391 F. App'x 475, 477-78 (6th Cir. 2010) (citing *Clay*, 501 F.3d at 706). Factors to be weighed include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993). "Ordinary tribulations of the workplace, such as the sporadic use of abusive language,

---

[4] Indeed, even if Plaintiff could make out a *prima facie* case of discrimination, he has produced no evidence to demonstrate that Defendant's legitimate non-discriminatory reason for terminating him (i.e., frequent failure to perform assigned tasks) was pretextual. *See Burdine*, 450 U.S. at 253; *DiCarlo*, 358 F.3d at 414-15. To the contrary, in his deposition, Plaintiff indicated that at least three of the warnings preceding his termination were accurate and justified. (Doc. 18-1 at 10, 12-14).

-8-

Case 1:10-cv-00271-HSM-WBC   Document 22   Filed 12/21/11   Page 8 of 10   PageID #: 137

gender-related jokes, and occasional teasing" are not actionable. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The undisputed facts as identified by Defendant suggest that Plaintiff may have sporadically and infrequently overheard a co-worker using racial epithets. (Doc. 18-1 at 43-44). The epithet was not directed at Plaintiff, and the record is devoid of evidence to suggest that it interfered with Plaintiff's work performance or otherwise created an abusive working environment. Indeed, Plaintiff stated that the opposite was true: when he heard the epithet uttered, he "just thought in [his] mind she's just an ignorant person and kept on going." (*Id.* at 44). The only other identified incident that could potentially rise to the level of harassment was the singular instance on which another employee wore a racially offensive t-shirt to work. (*Id.* at 32-36). However, there is no evidence that the offensive conduct was frequent, severe, or threatening; Plaintiff never reported the conduct; and nothing suggests it interfered with Plaintiff's work. (*See id.* at 36-39). Thus, the conduct of which Plaintiff complains cannot be said to rise to the level of actionable harassment. *See Harris*, 510 U.S. at 21 (holding that, to be actionable under Title VII, harassment must be "severe or pervasive enough to create an objectively hostile or abusive work environment . . . "). The Court will therefore **GRANT** Defendant's Motion for Summary Judgment as to Plaintiff's Title VII claims.

Finally, as addressed in the Court's November 9, 2010 Order (and the corresponding show cause hearing held November 16, 2010), Plaintiff's Counsel is responsible for sanctions relating to his failure to attend two scheduling conferences in this

matter and a related case.[5] (Doc. 7); Fed. R. Civ. P. 16(f)(2) (providing that, "[i]nstead of or in addition to any other sanction, the court must order [a party who fails to comply with a scheduling order], its attorney, or both to pay the reasonable expenses incurred – including attorney's fees . . ."). Defendant's Counsel submitted a bill of costs totaling $252.00 based on the time spent in preparation for the scheduling conferences that Plaintiff's Counsel failed to attend. Inasmuch as the abortive scheduling conferences related to two cases, the Court will **ORDER** Plaintiff's Counsel to reimburse Defendant's Counsel in the amount of $126.00, or one-half the total specified Defense Counsel's bill of costs. Because Plaintiff was not responsible for his attorney's absences, the Court will assess these costs against Plaintiff's *Counsel* rather than Plaintiff individually.

Accordingly, and for the reasons stated above, Plaintiff's Counsel is hereby **ORDERED** to pay to Defendant's Counsel reasonable attorney's fees of $126.00 **no later than January 31, 2012**; Defendant's Motion for Summary Judgment (Doc. 18) is hereby **GRANTED**; and this action is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter a separate judgment in accordance with Fed. R. Civ. P. 58(a).

**SO ORDERED** this 21st day of December, 2011.

                                                    */s/Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE

---

[5] *McKensey v. Robinson Mfg. Co.*, Case No. 1:10-cv-272.